FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.
★ NOV 29 2005 ★
TIME A.M.
P.M.

NF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LARRIANTE SUMBRY,

          Petitioner,

-against-

INDIANA STATE PRISON, GARY POLICE;
INDIANA DEPARTMENT OF CORRECTIONS;
INDIANA GOVERNOR; INDIANA ATTORNEY
GENERAL; PUBLIC DEFENDER OF INDIANA,
INDIANA SUPREME COURT,

          Respondents.
------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

05-CV-4986 (NG)

**GERSHON, United States District Judge:**

Petitioner Larriante Sumbry, currently incarcerated in Indiana, brings this petition *pro se* seeking a writ of habeas corpus. The Court grants petitioner's request to proceed *in forma pauperis* solely for the purpose of this order, but dismisses the petition as set forth below.

## Background

In the instant application, petitioner alleges he was arrested on June 2, 1998 without a legal warrant by police in Gary, Indiana, that he is serving time on a void judgment, that the federal court in Indiana is depriving him of due process and that the Indiana State Prison has deprived him of good-time credits. On June 10, 2005, petitioner filed a complaint in this district challenging his Indiana prosecution and incarceration. See Sumbry v. United States, No. 05-CV-3253 (NG), slip op. (E.D.N.Y. Sept. 21, 2005). The Court declined to transfer the case to the District of Indiana and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2). By filing the complaint in this district, the Court concluded that Sumbry was attempting to avoid filing restrictions and sanctions in effect in the Northern District of Indiana.

The United States District Court for the Northern District of Indiana, in a sharply worded order, dismissed an action filed by Sumbry in the Northern District of Iowa. The court noted that "having been repeatedly fined and restricted," Sumbry:

> persists in exploiting the judicial system by filing papers in the district courts of other circuits. When he attempts to directly file papers in this district, where the clerk's office is painfully familiar with his litigation history, the staff understand their obligation to return unfiled Mr. Sumbry's papers. Obviously this is not true in district courts outside of the Seventh Circuit ... Mr. Sumbry has discovered this loophole more than a dozen times to date.

Sumbry v. Davis, No. 2:05 CV 232, 2005 WL 1422549, at *1 (N.D. Ind. June 10, 2005). The Court warned Sumbry that "if he persists in abusing the judicial process by sending papers to other district courts in an attempt to circumvent the Seventh Circuit's orders restricting his vexatious filings, the court of appeals might order the superintendent of the facility in which he is housed to restrict him from mailing anything to any federal court other than this one." Id.

## Discussion

Petitioner challenges his custody pursuant to an arrest, conviction and incarceration which occurred in Indiana. Nothing in petitioner's papers indicates that the custodian or any of the respondents are located in this district. As such, the petition has been filed in the wrong court. However, given petitioner's history of litigation abuse, this Court declines to transfer his petition to the Northern District of Indiana as that would allow petitioner to circumvent the filing restrictions in effect in that Court. The Clerk of Court is hereby directed to forward a copy of this order to the Clerk of Court for the Northern District of Indiana to inform that court of petitioner's continuing efforts to file cases in other districts despite the court's warnings. Furthermore, the Court cautions petitioner that should he file again, this Court will likewise enjoin him from filing submissions in this district.

## Conclusion

Accordingly, the petition for a writ of habeas corpus is hereby dismissed. The Clerk of Court is hereby directed to forward a copy of this order to the Clerk of Court for the Northern District of Indiana. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
GERSHON
**United States District Judge**

Dated: Brooklyn, New York
Nov. 16, 2005

3